IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| COURTNAY CHRISTENSEN,<br>    *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 9:17-CV-00003-RC |
| STEPHEN F. AUSTIN STATE UNIVERSITY,<br>    *Defendant.* | § § § § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE CLARK:

Pursuant to FED. R. CIV. P. 8(b)(3), Defendant Stephen F. Austin State University ("Defendant" or "SFASU") denies each and every allegation contained in Plaintiff's Original Complaint (Doc. 1), except for those expressly admitted below. These numbered paragraphs and titles correspond to the paragraphs within the Plaintiff's Original Complaint.

### I.   PRELIMINARY STATEMENT

1.   This paragraph is merely a description of Plaintiff's claims and does not require a response. To the extent any response is required, Defendant denies the allegations.

2.   This paragraph does not require a response. The Court has already dismissed the FMLA claim.

3.   This paragraph is merely a description of the relief Plaintiff seeks under the identified statutes and does not require a response. The Court has already dismissed Plaintiff's claim for punitive damages. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief.

*Defendant's Answer and Affirmative Defenses to Plaintiff's Original Complaint*

4. This paragraph is merely a description of the relief Plaintiff seeks under the identified statutes and does not require a response. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief.

## II. JURISDICTION

4[sic]. In this paragraph, Plaintiff makes reference to statutes that involve the jurisdiction of this Court, and as such, requires no response except that Defendant denies that it violated any statutes with regard to Plaintiff.

5. This paragraph does not require a response. The Court has already dismissed the FMLA claim.

## III. PARTIES

**Plaintiff**

6. Defendant lacks knowledge or sufficient information to form a belief as to where Plaintiff currently lives.

**Defendants**

7. Defendant admits that SFASU is created by state law and can be served through its General Counsel, Damon C. Derrick, at the Office of the General Counsel, P.O. Box 13065 SFA Station, Nacogdoches, Texas 75962-3065. Defendant denies that it is part of the Texas State University system.

8. This paragraph does not require a response. The Court has dismissed Gary Wallace as a defendant.

9. This paragraph does not require a response. The Court has dismissed Sherri Bradford as a defendant.

10. This paragraph does not require a response. The Court has dismissed Kevin Davis as a defendant.

11. This paragraph does not require a response. The Court has dismissed Nancy Miller as a defendant.

12. This paragraph does not require a response. The Court has dismissed John Wyatt as a defendant.

13. This paragraph does not require a response. The Court has dismissed Monique Cossich as a defendant.

14. This paragraph does not require a response. The Court has dismissed Wini Turner as a defendant.

15. This paragraph does not require a response. The Court has dismissed Lynette Sellman as a defendant.

16. This paragraph does not require a response. The Court has dismissed Richard Berry as a defendant.

17. This paragraph does not require a response. The only remaining defendant is SFASU.

## IV. PROCEDURAL HISTORY

18. Defendant admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 19, 2014, and that the EEOC issued a Right-to-Sue letter on October 12, 2016. Defendant lacks knowledge or sufficient information to form a belief as to whether Plaintiff received the Right-to-Sue letter on October 18, 2016, and whether Plaintiff filed a timely charge with the EEOC. To the extent any response is required, Defendant denies this information.

## V.     FACTS

**Background**

19.     Defendant admits that Plaintiff was 48 years old at the time the lawsuit was filed, and that she was employed by Defendant as a senior secretary from October 8, 2012, to August 31, 2013. Effective September 1, 2013, a reorganization in Admissions resulted in a lateral reclassification with a title change and salary increase for Plaintiff to Admissions Specialist. Plaintiff held this position from September 1, 2013, to the date of her termination on January 9, 2014. Defendant denies that Plaintiff's termination was not formally approved until January 13, 2014.

**What Happened**

20.     Defendant admits that one of Plaintiff's job responsibilities was to go to the campus post office to pick up and deliver mail. This job responsibility was transferred from Plaintiff to Ms. Bradford and the student worker in the Admissions Office around October 15, 2013. Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's remaining allegations; therefore, Defendant denies these allegations. Plaintiff did not report the alleged conduct to her supervisors or Human Resources.

21.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations; therefore, Defendant denies these allegations.

22.     Defendant admits that Plaintiff told Ms. Bradford about a conversation she had with Mr. Wallace. Defendant denies the remainder of this paragraph.

23.     Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's allegations; therefore, Defendant denies these allegations.

24.     Deny.

25. Defendant admits that in either spring or summer of 2013, a meeting was initiated by Ms. Christensen about her interactions with Mr. Wallace. Defendant denies the remainder of the paragraph.

26. Defendant admits that no action was taken by either Mr. Davis or Ms. Bradford following the meeting because Plaintiff did not feel that the conduct she reported was inappropriate and she did not request any action at that time. Defendant denies the remainder of the paragraph.

27. Defendant admits that Ashley Engle in the Admissions Office received a telephone call from Mr. Wallace to Plaintiff. Defendant admits that Plaintiff informed Mr. Davis that Mr. Wallace had called and left a message for her. Defendant denies the remainder of the paragraph.

28. Defendant admits that Mr. Davis called Mr. Wallace when Plaintiff informed him that he had called her. Defendant denies the remainder of the paragraph.

29. Defendant denies that Plaintiff has an individual office. Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's remaining allegations; therefore, Defendant denies these allegations.

30. Defendant admits that Plaintiff casually mentioned to Ms. Bradford that she and her husband saw Mr. Wallace at Kroger. Defendant denies the remainder of the paragraph.

31. Defendant admits that Plaintiff casually mentioned to Ms. Bradford that she and her husband saw Mr. Wallace at Kroger. Defendant denies the remainder of the paragraph.

32. Defendant denies that Plaintiff has an individual office. Defendant denies that Ms. Bradford was aware that Mr. Wallace had gone into Plaintiff's office but took no action. Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's remaining allegations; therefore, Defendant denies these allegations.

33. Deny.

34. Defendant admits that Plaintiff asked to leave on November 11, 2013, to take her son to the emergency room, and that Plaintiff brought documentation from the doctor for both herself and her son Matthew. Defendant denies the remainder of the paragraph.

35. Defendant admits that Plaintiff informed Ms. Bradford on November 13, 2013, that she was in the emergency room. Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's remaining allegations; therefore, Defendant denies these allegations.

36. Defendant admits that Plaintiff called and left a message on Mr. Davis' cell phone on November 18, 2013, that she was at the emergency room. Defendant admits that it received paperwork from Plaintiff's doctor. Defendant admits that Ms. Bradford may have told Plaintiff that her accrued sick leave would be used up by January 2, 2014. Defendant denies the remainder of the paragraph.

37. Admit.

38. Defendant admits that Plaintiff called Ms. Miller at Ms. Miller's request, and that Ms. Miller requested Plaintiff to bring a release to return to work. Defendant denies the remainder of the paragraph.

38 [sic] Defendant denies that it denied Plaintiff's request for any FMLA or LWOP. Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's remaining allegation regarding the number of weeks of FMLA that she had taken; therefore, Defendant denies these allegations.

38 [sic]. Defendant admits that they received a fax from Plaintiff's doctor on January 10, 2014, showing her release to return to work date as January 8, 2014. Defendant denies the remainder of the paragraph.

39. Defendant denies that Plaintiff met with, spoke with, or faxed Mr. Wyatt records showing her son's admission to the ER on January 8, 2014. Defendant lacks knowledge or sufficient information to form a belief as to the truth of Plaintiff's remaining allegations; therefore, Defendant denies this allegation.

40. Defendant admits that SFASU sent a letter by certified mail to Plaintiff on January 9, 2014, terminating her employment at SFASU. Defendant denies the remainder of the paragraph.

41. Defendant admits that the reason for termination was for 3 days of no call, no show.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

**Damages**

46. Deny.

47. This paragraph does not require a response. The Court has already dismissed the FMLA claim.

## VI.     CAUSES OF ACTION

48. Deny. The Court has already dismissed the claim for punitive damages.

49. This paragraph does not require a response. The Court has already dismissed the FMLA claim.

## VII.     JURY DEMAND

50. a-c The first sentence of this paragraph is a jury demand, and therefore, need not be admitted or denied. Defendants deny that Plaintiff is entitled to any of the relief requested in the remainder

of the paragraph. The Court has already dismissed the individual defendants from the suit and has dismissed the claim for punitive damages.

## VIII. AFFIRMATIVE DEFENSES

Pleading further, Defendant asserts the following affirmative defenses and reserves the right to timely amend its answer to include such additional defenses throughout the course of this case.

1. Sovereign immunity from suit bars any and all of Plaintiff's claims to which that defense may apply.

2. Sovereign immunity from liability bars Plaintiff's recovery to such an extent that it applies.

3. Defendant asserts the affirmative defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events which occurred outside of the applicable statute of limitations and for Plaintiff's violations of any other timeliness requirements stated under the applicable statutes.

4. Plaintiff's claims, in whole or in part, are barred by Plaintiff's failure to exhaust her administrative remedies.

5. Plaintiff's own acts and/or omissions caused or contributed to Plaintiff's injuries, if any.

6. Any employment decisions challenged by Plaintiff were made for legitimate, non-discriminatory, non-retaliatory reasons.

7. Plaintiff has failed to mitigate her damages, if any.

8. Plaintiff's claims, in whole or in part, are barred by estoppel and unclean hands.

9. Compensatory damages awarded in this matter, if any, are subject to the applicable statutory damages cap provided by state and federal law.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by her suit and that all costs be taxed against her. Defendant further prays that this Court grant it any other further relief to which it may be justly entitled both in law and in equity.

    Respectfully submitted.

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

    BRANTLEY STARR
    Deputy First Assistant Attorney General

    JAMES E. DAVIS
    Deputy Attorney General for Civil Litigation

    ANGELA V. COLMENERO
    Chief - General Litigation Division

    */s/ Summer R. Lee*
    **SUMMER R. LEE**
    Texas Bar No. 24046283
    Assistant Attorney General
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    (512) 475-4031
    FAX: (512) 320-0667
    summer.lee@oag.texas.gov

    **ATTORNEYS FOR DEFENDANT SFASU**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically through the Court's Electronic Court Filing notification system on this the 24th day of August, 2017, to:

Timothy David Craig
STUCKEY & GARRIGAN LAW OFFICE
P.O. Box 631902
Nacogdoches, Texas 75963-1902
***Attorney for Plaintiff***

>                                    */s/ Summer R. Lee*
>                                    **SUMMER R. LEE**
>                                    Assistant Attorney General